# Third District Court of Appeal

## State of Florida

Opinion filed January 5, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2204
Lower Tribunal No. 19-18029
_____


**Belinda Meruelo,**
Petitioner,

vs.

**Maria C. Meruelo, et al.,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for petitioner.

Rafool, LLC, and Raymond J. Rafool and Seth J. Rutman, for respondent Maria C. Meruelo.


Before SCALES, HENDON and MILLER, JJ.

SCALES, J.

Belinda Meruelo ("Petitioner") seeks certiorari review of the trial court's October 27, 2021 "Order Denying Motion for Stay Pending Hearing on Emergency Motion for Disqualification of Philip Schecter, CPA and Ore Tenus Motion for Stay Pending Appellate Review." Essentially, Petitioner asserts that the trial court departed from the essential requirements of the law by not staying the underlying marital dissolution proceeding between respondents Maria C. Meruelo ("Wife") and Richard Meruelo ("Husband") until the trial court adjudicates Petitioner's pending motions to disqualify Wife's forensic accountant. For the following reasons, we deny the petition.

Petitioner, Husband's mother, is a third-party defendant in this dissolution of marriage proceeding because she allegedly has an interest in marital assets that are subject to equitable distribution. Two and a half years before Wife's August 13, 2019 filing of the instant marital dissolution petition, Petitioner and certain entities owned and co-owned by Petitioner were co-defendants in a commercial litigation action. In that commercial dispute, Petitioner's counsel hired Philip Schecter, C.P.A. to perform forensic accounting work for Petitioner and her entities. The dispute settled in August of 2017 pursuant to a confidential settlement agreement.

On learning that Wife had retained Philip Schecter, C.P.A. to perform forensic accounting work on Wife's behalf in the instant divorce proceeding,

2

and after being made a third-party defendant thereto, Petitioner moved below to disqualify Philip Schecter, C.P.A. as Wife's expert accounting witness. Petitioner further sought to stay either the entire divorce proceeding or just Philip Schecter, C.P.A.'s involvement in the case until the trial court adjudicated her various disqualification motions. On October 27, 2021, the trial court held a hearing on Petitioner's disqualification and stay motions. Following the hearing, the trial court entered the challenged order that (i) continued the hearing as to Petitioner's disqualification motions, and (ii) denied Petitioner's stay motions. In the instant petition, Petitioner seeks certiorari review of the trial court's denial of her stay motions.

To be entitled to certiorari relief, Petitioner "must establish that the trial court's order . . . departed from the essential requirements of law in a way that will cause irreparable harm." Univ. of Miami v. Ruiz ex rel. Ruiz, 164 So. 3d 758, 763 (Fla. 3d DCA 2015). "A departure from the essential requirements of the law means 'a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Gator Boring & Trenching, Inc. v. Westra Constr. Corp., 210 So. 3d 175, 184 (Fla. 2d DCA 2016) (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003)). While granting a stay under the circumstances presented in this case may be prudent case management, Petitioner has cited to, and we have found, no

3

court rule, statute, or case that, as a matter of law, *requires* a trial court to stay proceedings until a pending disqualification motion is adjudicated.

Because Petitioner has not identified a clearly established principle of law from which the trial court departed, we are compelled to deny the petition.[1]

Petition denied.

---

[1] We express no opinion on the merits of Petitioner's disqualification motions.